United States District Court
Southern District of Texas
**ENTERED**

September 28, 2021

Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| JAMES D. STEWART, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-16-3077 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

At the time he filed his complaint, plaintiff James D. Stewart was an inmate in the Texas Department of Criminal Justice.   He was convicted of attempted aggravated sexual assault and adjudicated a Sexually Violent Predator.   He has since been transferred to the custody of the Texas Civil Commitment Office.

Stewart filed a civil rights complaint alleging that the sex offender treatment program offered by TDCJ was inadequate, and violated his Eighth Amendment rights because it did not allow him to work toward rehabilitation and to complete his civil commitment requirements.   He seeks compensatory and punitive damages.

Bobby Lumpkin is the Director of the TDCJ's Correctional Institutions Division.   He moved to dismiss the complaint.   Stewart has not responded to Lumpkin's motion.   For the reasons that follow, Lumpkin's motion is granted, and the complaint is dismissed with prejudice.

I.     **Standards of Review**

A.     **Rule 12(b)(1)**

A federal court must dismiss a case for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) when the court lacks the statutory or constitutional power to

adjudicate the plaintiff's claims. *Home Builders Ass'n of Miss., Inc., v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).   In resolving a motion under Rule 12(b)(1), a court may refer to evidence outside the pleadings. *Espinoza v. Mo. Pacific R. Co.,* 754 F.2d 1247, 1248 n. 1 (5th Cir. 1985).

### B.      Rule 12(b)(6)

In reviewing a motion to dismiss under Rule 12(b)(6), the complaint is liberally construed in favor of the plaintiff, and all well-pleaded facts are taken as true. *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).

## II.      Analysis

### A.      Eleventh Amendment Immunity

Stewart does not specify whether he is suing the defendant in his official or individual capacity.   To the extent that Stewart seeks damages from the defendant in his official capacity, the claim is barred by the Eleventh Amendment.

"[I]n the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).   A suit for damages against a state official in his official capacity is not a suit against the individual, but against the state. *Hafer v. Melo*, 502 U.S. 21, 25 (1991).

### B.      The Eighth Amendment Claim

Stewart does not identify any basis for his Eighth Amendment claim, but presumably claims that the alleged failure to provide adequate sex offender treatment amounts to deliberate indifference.   "Deliberate indifference" is more than mere negligence, *Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976), but "something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result."   *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). Rather, deliberate indifference requires that the defendant be subjectively aware of a substantial risk of serious harm to the inmate and recklessly disregard that risk.   *Id.* at 829, 836.

Stewart implicitly acknowledges that TDCJ provided sex offender treatment by his claims that the treatment provided was not to his satisfaction.   He identifies neither an Eighth Amendment duty on the part of the TDCJ to provide a different treatment program or serious harm caused by the alleged lack of adequate treatment.   Stewart fails to "plead[] factual content that allows the court to draw the reasonable inference" that the sex offender treatment program violated the Eighth Amendment.   *Iqbal*, 556 U.S. at 678.   This claim is dismissed.

## III.   Conclusion and Order

This civil action is dismissed with prejudice.

SIGNED on September 28, 2021, at Houston, Texas.

_____
                    Lee H. Rosenthal
              Chief United States District Judge